UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| OLABODE OLADEINDE, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CV-359-TLS |
| | ) | |
| CAMERON MEMORIAL | ) | |
| COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Olabode Oladeinde, M.D., filed a Complaint [ECF No. 1] on October 15, 2012, alleging that the Defendant, Cameron Memorial Community Hospital, discriminated against him based on his race and violated his rights. Specifically, he alleged violations of his rights: under the First and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983; under 42 U.S.C. § 1981; under Article 1, §§ 9 and 23 of the Indiana Constitution; and he alleged damages under 42 U.S.C. § 1983. The Plaintiff also filed a Motion for Temporary Restraining Order [ECF No. 3] requesting that the Court order the Defendant not to conduct an Executive Committee hearing concerning the Plaintiff's conduct, and not to send any reports concerning the Plaintiff to the National Practitioners Data Bank.

After a telephonic conference with counsel for the Plaintiff on October 16, the Court entered an Order [ECF No. 6] granting a temporary restraining order as follows:

> The Court ORDERS the Defendant not to conduct the Executive Committee hearing with respect to issues relating to the Plaintiff, not to send a preliminary report concerning the Plaintiff to the National Practitioners Data Bank, and not to send a final report concerning the Plaintiff to the National Practitioners Data Bank, until expiration of this Order or unless otherwise ordered by this Court.

The Court extended the October 16 TRO with the consent of the parties on October 30,

November 13, November 26, and December 10. On December 13, 2012, the Court extended the October 16 TRO until such time as the Court entered a ruling on the pending Motion for Preliminary Injunction [ECF No. 8]. The Motion for Preliminary Injunction remains pending, and thus the Court's October 16 TRO remains in effect.

On December 28, 2012, the Defendant filed a Motion for Partial Dismissal [ECF No. 32], along with a Brief in Support [ECF No. 33], arguing that most of the Plaintiff's claims should be dismissed because the Plaintiff has failed to allege that the Defendant is a state actor. The Plaintiff did not file a response.

On January 17, 2013, the Defendant filed a Motion to Stay Action Due to Plaintiff's Bankruptcy Case [ECF No. 36]. On January 23, the Court entered an Order [ECF No. 42] extending the briefing on the Motion to Stay and continuing this matter until May 30. At the May 30 telephonic conference, the Court granted the Defendant's Motion to Withdraw its Motion to Stay [ECF No. 46] because the Plaintiff's bankruptcy had been terminated. Also at the May 30 telephonic conference, the Plaintiff stated that he would be filing a response to the Defendant's Motion for Partial Dismissal. However, the Plaintiff has filed no response, and the time in which to do so has expired.

On May 30, the Plaintiff filed a Motion for Rule to Show Cause [ECF No. 52], requesting that the Court hold the Defendant in contempt for indirectly violating the October 16 TRO. The Defendant filed a Response [ECF No. 53] on June 17, arguing that it had not violated any provision of the October 16 TRO and that the Plaintiff had specifically consented to release of his employment information to potential employers. The Plaintiff did not file a reply, and the time in which to do so has expired.

## ANALYSIS

**A.     The Defendant's Motion for Partial Dismissal**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true

3

"legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In its Motion for Partial Dismissal, the Defendant argues that the Plaintiff's claims under the First and Fourteenth Amendments to the United States Constitution, under Article 1, sections 9 and 23 of the Indiana Constitution, and under 42 U.S.C. § 1983, do not state claims upon which relief can be granted because the Defendant is not a state actor. Accordingly, the Defendant asks the Court to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). As noted above, the Plaintiff has submitted no response to this argument.

A plaintiff must allege state action in order to assert a claim for violation of the First or Fourteenth Amendments pursuant to § 1983. *See Sidell v. CRF First Choice, Inc.*, No. 1:09-cv-0607-TWP-TAB, 2010 WL 2732913, at *1 (S.D. Ind. July 7, 2010) (finding that "the protection[] of the First or Fourteenth Amendments through application of 42 U.S.C. § 1983 [wa]s not warranted" where there was "no state action involved"); *cf. Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 420 (7th Cir. 1988) ("private employers are not subject to the [First Amendment]"). Indeed, any application of § 1983 requires a plaintiff to allege state action. *See*

*Sidell*, 2010 WL 2732913, at *1 (stating that the plaintiff's claims "do not amount to state action, which is necessary to invoke § 1983"). Moreover, a plaintiff must also allege state action in order to assert a claim for violation of §§ 9 or 23 of Article 1 of the Indiana Constitution. *See Ryan v. Underwriters Labs., Inc.*, No. 1:06-cv-1770-JDT-TAB, 2007 WL 2316474, at *9 (S.D. Ind. Aug. 8, 2007) ("Neither the First Amendment, which limits government action, nor [Section 9, Article 1] of the Indiana Constitution restricts a private employer's ability to terminate an employee for exercising [his or her] right of free speech or right to petition the government."); *Mitchell v. State*, 813 N.E.2d 422, 430 (Ind. Ct. App. 2004) ("[Article 1], § 9 of the Indiana Constitution has not been implicated because there was no state action."); *Crawford v. Countrywide Home Loans, Inc.*, Nos. 3:09CV247-PPS-CAN, 3:09CV295-PPS-CAN, 2011 WL 3875642, at *10 (N.D. Ind. Aug. 31, 2011) (finding a claim under Article 1, § 23 precluded because "[i]n addition to [the defendant] not being a state actor against whom a § 1983 action can be pursued, the facts of which the [plaintiffs] complain do not involve any state law enacted by the Indiana General Assembly which they attempt to show makes unconstitutional distinctions between classes of citizens").

      The Plaintiff does not allege that the Defendant is a state actor. Indeed, the Defendant submits a Legal Entity Name Search [ECF No. 33-1] indicating that it is a non-profit corporation and not a state entity. The Court may take judicial notice of such public records while considering a motion to dismiss under Rule 12(b)(6), *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991), and the Court will do so. Nor does the Plaintiff allege that the Defendant has taken actions amounting to state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1011–12 (1982) (discussing whether the extent of state involvement converted certain private actions into state

actions, and whether the private entities "perform[ed] a function that has been 'traditionally the exclusive prerogative of the State'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974))). Accordingly, the Plaintiff does not plausibly plead First or Fourteenth Amendment claims against the Defendant under § 1983, or any § 1983 damages claims. For the same reason, the Plaintiff also fails to plausibly plead a free expression claim under § 9 of Article 1 of the Indiana Constitution. Finally, the Plaintiff fails to plausibly plead a privileges or immunities clause violation under § 23 of Article 1 of the Indiana Constitution because the Plaintiff does not allege that the Indiana General Assembly has acted to grant to any citizen or class of citizens privileges or immunities which, upon the same terms, do not equally belong to all citizens.

For the foregoing reasons, the Court will grant the Motion for Partial Dismissal and will dismiss the Plaintiff's claims under the First and Fourteenth Amendments to the United States Constitution brought under 42 U.S.C. § 1983, the Plaintiff's § 1983 damages claims, and the Plaintiff's claims under Article 1, §§ 9 and 23 of the Indiana Constitution.

**B.     The Plaintiff's Motion for Rule to Show Cause**

The Seventh Circuit has articulated the standard for a finding of civil contempt as follows:

> To win a motion for civil contempt, a party must prove by clear and convincing evidence that the opposing party violated a court order. The district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated.

*Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) (quotation marks and citations omitted).

The Plaintiff asks the Court in his Motion for Rule to Show Cause to hold the Defendant

in civil contempt. He argues that the Defendant has "indirectly violated the Court's Order" (Mot. ¶ 7, ECF No. 52) by communicating employment information to nine hospitals. The Plaintiff admits that he applied to work at these hospitals. He insists that although nothing in the Court's October 16 TRO would prevent the Defendant from submitting employment information to these hospitals, the Defendant nevertheless violated the TRO because the Plaintiff's purpose in requesting the TRO was to prevent the Defendant from making any negative reports about his employment that might affect his employability. The Defendant responds that it has not violated the October 16 TRO, and that it received a consent form—signed by the Plaintiff—from each of the nine hospitals before it released his employment information.

      The Court agrees with the Defendant that a finding of civil contempt is not appropriate. The Plaintiff has failed to show that the Defendant violated an unequivocal command from the Court's October 16 TRO. Indeed, the Plaintiff admits that the Defendant did not violate the letter of the TRO at all. Instead, the Plaintiff argues that the Defendant's submission of his information, with his specific consent to each and every one of the nine submissions, violates the TRO "indirectly." The Plaintiff's showing is insufficient to prevail on his Motion for Rule to Show Cause, and the Court will therefore deny the Motion.

**C.**     **Opportunity to Amend**

      A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(1)(B)(2). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the

plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The Plaintiff's First and Fourteenth Amendment claims brought pursuant to § 1983 and his § 1983 damages claims do not state claims upon which relief can be granted because the Defendant is not a state actor and it did not engage in state action. The same is true for the Plaintiff's claims under the Indiana Constitution. The Defendant is a non-profit corporation, not a state actor. And the record does not indicate that the Defendant engaged in any activities that would convert its actions into state actions, or engaged in activities that traditionally are the prerogative of the state. The Court finds, therefore, that amendment of these claims would be futile. Accordingly, the Court will dismiss with prejudice the Plaintiff's First and Fourteenth Amendment § 1983 claims, his § 1983 damages claims, and his claims under Article 1, §§ 9 and 23 of the Indiana Constitution.

## CONCLUSION

For all the reasons discussed, the Court GRANTS the Defendant's Motion for Partial Dismissal [ECF No. 32]. The Court DISMISSES WITH PREJUDICE the Plaintiff's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983, the Plaintiff's § 1983 damages claims, and the Plaintiff's claims under Article 1, §§ 9 and 23 of the Indiana Constitution. Further, the Court DENIES the Plaintiff's Motion for Rule to Show Cause [ECF

No. 52].

SO ORDERED on July 8, 2013.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT